Yongmoon Kim
KIM LAW FIRM LLC
411 Hackensack Avenue 2nd Floor
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
Email: ykim@kimlf.com

Ronald I. LeVine
Email: ron@ronlevinelaw.com
Eileen L. Linarducci
Email: elinarducci@ronlevinelaw.com
LAW OFFICE OF RONALD I. LEVINE, ESQ.
210 River Street, Suite 11
Hackensack, NJ 07601
Tel. (201) 489-7900
Fax (201) 489-1395

*Attorneys for Plaintiff and those similarly situated*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT LITTLE, *on behalf of himself and those similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>AARGON AGENCY, INC., and JOHN DOES 1 to 10,<br><br>Defendants. | Civil Action No.<br><br><br><br><br><br>**CLASS ACTION COMPLAINT** |

Plaintiff, Robert Little, by way of Class Action Complaint against Defendant, Aargon

Agency, Inc., and John Does 1 to 10 says:

### I.   NATURE OF THE ACTION

1. Plaintiff brings this action for damages against Defendant arising from

Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692

*et seq*.

## II.  JURISDICTION AND VENUE

2. This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendant regularly does business in this district.

## III.  PARTIES

4. Plaintiff, Robert Little ("Plaintiff" or "Little"), is a natural person residing in Bogota, New Jersey in Bergen County.

5. Defendant, Aargon Agency, Inc. ("Defendant" or "AAI"), is a collection agency with an office located at 8668 Spring Mountain Road, Las Vegas, Nevada 89117.

6. Defendants John Does 1 to 10 are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identity will be disclosed in discovery and should be made parties to this action.

## IV.  FACTS

### A. Background

7. Defendant is not in the business of extending credit, selling goods or services to consumers.

8. Defendant regularly collects or attempts to collect past-due or defaulted debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

9. Defendant is in the business of collecting past-due or defaulted debts or alleged debts of natural persons.

10. Defendant uses the mails, telephone, the internet and other instruments of interstate commerce in engaging in the business of collecting past-due or defaulted debts or alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

11. Defendant is engaged in the collection business.

12. Defendant has asserted that Plaintiff incurred or owed a certain financial obligation arising from an account originating from PSEG Services Corporation ("Debt" or "Account").

13. The Debt arose from one or more transactions which were primarily for Plaintiff's personal, family, or household purposes.

14. The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

**B. False Threat of Interest**

15. Defendant contends that the Account is past-due and in default.

16. Sometime after default, the creditor of the Account either directly or through intermediate transactions assigned, placed, transferred or sold the Debt to Defendant for collection.

17. The Account was past-due and in default when it was placed with or assigned to Defendant for collection.

18. At all times relevant hereto, Defendant acted in an attempt to collect the Debt.

19. In an attempt to collect the Debt, Defendant mailed a collection letter to Plaintiff on May 26, 2016 ("AAI Letter").

20. A true copy of the AAI Letter sent by AAI, but with redactions, is attached as ***Exhibit A***.

21. On information and belief, the AAI Letter is a mass-produced, computer-generated, form letter that is prepared by the Defendant and mailed to consumers in the State of New Jersey, such as Plaintiff, from whom they are attempting to collect a debt.

22. The AAI Letter states the balance due is $1,083.05.

23. However, the AAI Letter states:

> As of the date of this letter, you owe the amount listed in this letter as Total Balance Due. This amount may vary due to payments and/or accrual of interest after that date. Because of interest that may vary from day to day the amount due may be greater on the day you pay. Hence, if you pay the amount shown on this letter by mail, an adjustment may be necessary after we receive your payment in which event we will inform you before depositing your payment.

24. On information and belief and contrary to the statement contained in the AAI Letter, at no time after May 26, 2016 did the creditor of the Account add "interest" to the Account.

25. On information and belief, contrary to statements contained in the AAI Letter, at no time does Defendant add "interest" to consumer debts, which are similar to the Account, and which it seeks to collect.

26. On information and belief, Defendant is not legally or contractually permitted to add "interest" to the Account.

27. Defendant's statement that interest will continue to accrue is false, deceptive, and misleading to the least sophisticated consumer because Defendant falsely suggests that the amount

of the debt will increase from day to day because of interest when, in fact, the creditor does not charge interest.[1]

28.     Such a false statement makes the least sophisticated consumer uncertain as to the amount allegedly owed to the creditor, and uncertain as to how much additional interest would continue to accrue.

29.     Defendant's false and misleading statement threatening interest is a collection ploy and a deceptive tactic used to trick the least sophisticated consumer that paying less than the full amount owed or not paying immediately would cause the balance to increase.

**C. Unlawful Processing Fee**

30.     The AAI Letter provides a section on the bottom of the back of the letter for Plaintiff to provide his credit card information and return it to Defendant.

31.     The Letter states: "Certain States require we notify you that a fee of 2% may be assessed for using a credit card if authorized by law."

32.     Upon information and belief, Defendant charges consumers a 2% "fee" on all credit card payments.

33.     Plaintiff is informed, and believes, and therefore alleges Defendant's collection letters, such as the AAI Letter, are designed to drive least sophisticated consumers, such as Plaintiff, to either make payments by credit card—thereby profiting off of the unlawful credit card transaction fees—or dissuade consumers from paying by a credit card in order to lure

---

[1] *Hovermale v. Immediate Credit Recovery Inc.*, No. 15-cv-5646-RBK-JS, 2016 U.S. Dist. LEXIS 102206, at *8 (D.N.J. Aug. 4, 2016) ("Because Defendant could not lawfully assess late charges, it was misleading to the least sophisticated debtor for Defendant to represent that Plaintiff's amount due "may be greater" due to late charges.").

consumers into paying by using methods more profitable to Defendant and more inconvenient to the consumer.[2]

34. The inclusion of a 2% "fee" to make a credit card payment is intended to falsely convey that Defendant is legally and/or contractually permitted to charge a 2% "fee" for a credit card payment when in fact such a fee/charge is neither authorized by contract nor permitted by law.

35. The inclusion of a credit card transaction fee to make a payment is a collection ploy and a deceptive tactic used to trick the least sophisticated consumer that paying by credit card can cause the balance to be assessed a 2% "fee" and therefore increase, when in fact such a fee/charge is neither authorized by contract nor permitted by law.

36. Plaintiff is informed and believes that the creditor of the Account does not charge consumers a 2% "fee" for any payments collected using a credit card.

37. The representations on the letters are materially false, deceptive, and misleading in that, *inter alia*, it falsely states that Defendant is legally and/or contractually allowed to charge and collect a 2% "fee" for credit card payments, and that *each* credit card payment will result in a 2% "fee".

38. Defendant intended that the materially false statements contained on its letters would cause Plaintiff and other similarly situated consumers confusion about the exact amount of money they allegedly owed.

39. The additional 2% "fee" constitutes the collection of an amount incidental to the principal obligation that is not expressly authorized by the agreement creating the debt.

---

[2] *Thomas v. Youderian*, No. 2:16-cv-01408-KM-MAH, 2017 U.S. Dist. LEXIS 16585, at *18 (D.N.J. Feb. 3, 2017).

40. The additional 2% "fee" constitutes the collection of an amount incidental to the principal obligation that is not expressly authorized by New Jersey law.

41. Defendant's characterization of the additional 2% "fee" is false, deceptive, and misleading in that it is well in excess of the actual amount, if any, Defendant incurred with respect to its processing such payments.

42. Defendant's characterization of the additional 2% "fee" is false, deceptive, and misleading in that it fails to disclose the true nature of the fee and misrepresents the actual amount, if any, of the fee.

43. Defendant's characterization of the additional 2% "fee" as a "convenience fee" is false, deceptive, and misleading in that it is well in excess of what any bank or payment processing entity would charge to process such a payment transaction.

44. Defendant's characterization of the additional 2% "fee" is false, deceptive, and misleading in that Plaintiff understood it to mean, as would the least sophisticated consumer, that Defendant is legally entitled to charge or collect the fee when, in fact, it is not legally or contractually entitled to do so.

**D. False Threat of Credit Reporting**

45. Lastly, the AAI Letter states: "Information regarding this account may be reported to a credit reporting agency and may be reflected on your credit bureau."

46. On information and belief and contrary to the statement contained in the AAI Letter, at no time after May 26, 2016 did the creditor of the Account report the Account to the credit bureaus.

47. On information and belief, contrary to statements contained in the AAI Letter, at no time does Defendant report the accounts to the credit bureaus.

48. Defendant's statement threatening to report to the credit bureaus is false, deceptive, and misleading to the least sophisticated consumer.

49. Such a misleading and false misrepresentation of material fact is a collection ploy and a deceptive tactic used to trick the least sophisticated consumer that paying the alleged debts would prevent reporting to the credit bureaus.

### V.   POLICIES AND PRACTICES COMPLAINED OF

50. It is Defendant's policy and practice to send written collection communications, in the form exemplified by the AAI Letter, in an attempt to collect consumer debts, which falsely threatened interest, credit card transaction fees and reporting to the credit bureaus, in violation of the FDCPA.

51. Defendant used the same procedures it used in sending the letters attached as Exhibit A to Plaintiff when sending the same and/or similar letters to numerous other New Jersey consumers.

### VI.   CLASS ACTION ALLEGATIONS

52. Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

53. Subject to discovery and further investigation which may cause Plaintiff to modify, narrow or expand the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of classes initially defined as follows:

> **Interest Class**: All natural persons with addresses within the State of New Jersey to whom, beginning May 26, 2016 through and including the final resolution of this case, Defendant sent one or more letter(s) in attempts to collect a consumer debt, which letter contained the same or similar language: "As of the date of this letter, you owe the amount listed in this letter as Total Balance Due. This amount may vary due to payments and/or accrual of interest after that date. Because of interest that may vary from day

to day the amount due may be greater on the day you pay. Hence, if you pay the amount shown on this letter by mail, an adjustment may be necessary after we receive your payment in which event we will inform you before depositing your payment."

**Fee Class**: All natural persons with an address within in the State of New Jersey, beginning May 26, 2016 through and including the final resolution of this case, who paid the 2% credit card transaction fee to Defendant, and/or to whom Defendant sent one or more letter(s) which letter contained the same or similar language: "Certain States require we notify you that a fee of 2% may be assessed for using a credit card if authorized by law."

**Credit Report Class**: All natural persons with addresses within the State of New Jersey to whom, beginning May 26, 2016 through and including the final resolution of this case, Defendant sent one or more letter(s) in attempts to collect a consumer debt, which letter contained the same or similar language: "Information regarding this account may be reported to a credit reporting agency and may be reflected on your credit bureau."

54. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

55. The classes for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

56. There are questions of law and fact common to the members of the classes that predominate over questions affecting only individuals.

57. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the classes and will foster economies of time, effort and expense.

58. Plaintiff's claims are typical of the claims of the members of the classes.

59. The questions of law and/or fact common to the members of the classes predominate over any questions affecting only individual members.

60. Plaintiff does not have interests antagonistic to those of the classes.

61. The classes, of which Plaintiff is a member, is readily identifiable.

62. Plaintiff will fairly and adequately protect the interests of the classes, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, consumer and other complex litigation, and claims of the type asserted in this action.

63. The prosecution of separate actions by individual members of the classes would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendant in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

64. Plaintiff does not anticipate any difficulty in the management of this litigation.

### VII. FIRST COUNT: VIOLATIONS OF THE FDCPA

65. Plaintiff, on behalf of himself and others similarly situated, reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

66. Plaintiff and those similarly situated are "consumers" as defined by 15 U.S.C. § 1692a(3) because they are natural persons allegedly obligated to pay a debt, in which the money,

property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

67. The debts alleged to be owed by the Plaintiff and those similarly situated are consumer "debts" as defined by 15 U.S.C. § 1692a(5).

68. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

69. The letters attached as Exhibit A, and the letters which are the same or similar in form, sent by Defendant to Plaintiff and numerous other New Jersey consumers are "communications" pursuant to 15 U.S.C. § 1692a(2).

70. The letters attached as Exhibit A, and the letters that are the same and similar in form, were sent by Defendant to Plaintiff and those similarly situated in an attempt to collect the debts.

71. Defendant's use of the written communications as described above, sent to Plaintiff and those similarly situated, violated sections 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(8), 1692e(10), 1692f and 1692f(1).

72. The violations of the FDCPA described herein constitute *per se* violations.

73. Based on any one or more of those violations, Defendant is liable to Plaintiff and those similarly situated for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## VIII.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Robert Little, on behalf of himself and others similarly situated, demands judgment against Defendant, Aargon Agency, Inc., as follows:

A. For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the classes, and appointing the attorneys of Kim Law Firm LLC and Law Office of Ronald I. LeVine, Esq. as class counsel;

B. For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C. For statutory damages in favor of each class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D. For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

E. For pre-judgment and post-judgment interest; and

F. For such other and further relief as the Court deems equitable and just.

## IX. JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## X. CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

KIM LAW FIRM LLC

*s/ Yongmoon Kim*
Yongmoon Kim
*Attorneys for Plaintiff on behalf of himself and those similarly situated*

Dated: May 25, 2017